1  JEFFER MANGELS BUTLER & MITCHELL LLP
   JEFFREY D. GOLDMAN (Bar No. 155589)
2  ELIZABETH A. CULLEY (Bar No. 258250)
   1900 Avenue of the Stars, Seventh Floor
3  Los Angeles, California 90067-4308
   Telephone:  (310) 203-8080
4  Facsimile:  (310) 203-0567

5  Attorneys for Plaintiffs

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  UMG RECORDINGS, INC. a Delaware corporation; CAPITOL RECORDS, LLC, a Delaware limited liability company; UNIVERSAL MUSIC CORP., a Delaware corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL – POLYGRAM INTERNATIONAL PUBLISHING, INC. a Delaware corporation; UNIVERSAL – SONGS OF POLYGRAM INTERNATIONAL, INC., a Delaware corporation; UNIVERSAL – POLYGRAM INTERNATIONAL TUNES, INC., a Delaware corporation; UNIVERSAL MUSIC – MGB NA LLC, a California limited liability company; UNIVERSAL MUSIC – Z TUNES LLC, a New York limited liability company; and RONDOR MUSIC INTERNATIONAL, INC., a California corporation,<br><br>       Plaintiffs,<br><br>  v.<br><br>GLOBAL EAGLE ENTERTAINMENT INC. a Delaware corporation, for itself and d/b/a INFLIGHT PRODUCTIONS, INFLIGHT ENTERTAINMENT ALLIANCE and IFP; INFLIGHT PRODUCTIONS USA INC./AAEC INC., a California corporation, for itself and d/b/a INFLIGHT PRODUCTIONS, INFLIGHT ENTERTAINMENT | CASE NO.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, VIOLATION OF CALIFORNIA CIVIL CODE § 980(2), VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 AND COMMON LAW UNFAIR COMPETITION**<br><br>**REQUEST FOR JURY TRIAL** |

1 | ALLIANCE and IFP; INFLIGHT PRODUCTIONS LTD., an entity of unknown form; and DOES 1 – 20, inclusive,
2 |
3 |       Defendants.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Universal Music Corp.; Songs Of Universal, Inc.; Universal–PolyGram International Publishing, Inc.; Universal–Songs of PolyGram International, Inc.; Universal–PolyGram International Tunes, Inc.; Universal Music–MGB NA LLC; Universal Music–Z Tunes LLC; and Rondor Music International, Inc. (collectively "Plaintiffs"), aver as follows:

## NATURE OF THE ACTION

1.  Defendants Global Eagle Entertainment Inc. d/b/a Inflight Productions, Inflight Entertainment Alliance, and IFP; Inflight Productions USA Inc./AAEC Inc. d/b/a Inflight Productions, Inflight Entertainment Alliance, and IFP; and Inflight Productions LDT, all working in concert with various airlines and others whose specific identities will be determined in discovery (collectively, "Defendants"), have, without license or authority, unlawfully reproduced, distributed, imported, and publicly performed (including by means of digital audio transmissions) hundreds, if not thousands, of Plaintiffs' sound recordings, music videos, and musical compositions, which are either copyrighted or protected under state law, for the entertainment of passengers on various airlines. Defendants have further unlawfully advertised and promoted their use of Plaintiffs' copyrighted and otherwise protected sound recordings and musical compositions to their customers and to airline passengers. Defendants have also failed and refused to disclose to Plaintiffs the identities of the many hundreds (if not thousands) of sound recordings and musical compositions they have infringed; the sound recordings and musical compositions set forth on Schedules B and C hereto are just a small sampling of the infringed works Plaintiffs anticipate will be disclosed in discovery.

2.  Defendants do not have any license or other authorization from Plaintiffs to reproduce, distribute, import, or publicly perform in the United States any of Plaintiffs' copyrighted and otherwise protected sound recordings, music videos, or musical compositions. Defendants are fully aware that their unauthorized reproduction, distribution, importation, and public performance of Plaintiffs'

PRINTED ON
RECYCLED PAPER
LA 10571691v6

intellectual property is unlawful. Defendants have willfully chosen to engage in this theft, and to advertise and promote Plaintiffs' recordings and musical compositions to Defendants' customers and to airline passengers, to maximize Defendants' profits and in conscious disregard of Plaintiffs' rights, and have continued to infringe Plaintiffs' rights even after being notified by Plaintiffs that such conduct is unlawful and must cease and desist.

3. Defendants are liable for the infringement of Plaintiffs' copyrights and rights under state law, either because they have directly engaged in infringing activities themselves or because one or more of them is secondarily liable for infringing activities undertaken by others. Defendants' theft has caused substantial, manifest, and irreparable harm to Plaintiffs, who invest millions of dollars and enormous amounts of time and creative energy to produce and exploit the copyrighted and otherwise protected works infringed by Defendants.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*, and under state law.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1338 and 1367.

6. This Court has personal jurisdiction over Defendants, which do and solicit continuous and systematic business in California; which engage in the conduct alleged herein in California, which conduct has injured Plaintiffs in California; which transact business with one another in California, including with respect to the matters giving rise to this suit; which derive substantial revenue from goods used or services rendered in California; which expect or reasonably should expect their infringing conduct to have consequences in California; and which derive substantial revenue from interstate commerce.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c). Defendants conduct business in this District and, upon information and belief, a

PRINTED ON RECYCLED PAPER
LA 10571691v6

substantial part of the events giving rise to Plaintiffs' claims occurred in this District. Plaintiffs have a principal place of business in this District and have been injured in this District as a result of Defendants' infringing conduct.

## THE PARTIES

### The Record Company Plaintiffs

8. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of Delaware, with its principal place of business in Los Angeles County, California, and is doing business in the State of California and in this judicial District.

9. Plaintiff Capitol Records, LLC, is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles County, California, and is doing business in the State of California and in this judicial District.

10. The foregoing Plaintiffs (the "Record Company Plaintiffs") are record companies engaged in the business of producing sound recordings and manufacturing, distributing, selling and/or licensing the distribution and sale of their sound recordings in phonorecords (as defined in 17 U.S.C. § 101) in the United States, as well as the importation of such sound recordings into the United States. The Record Company Plaintiffs are among the world's leading record companies and own the rights to thousands of sound recordings, including many of the most well-known and valuable sound recordings in the world. The Record Company Plaintiffs invest substantial sums of money, as well as time, effort, and creative talent, to discover and develop recording artists, and to create, manufacture, advertise, promote, sell, and license phonorecords embodying the performances of their exclusive recording artists, many of whom live and/or work in this District.

11. The Record Company Plaintiffs are the copyright owners of, or the owners of exclusive rights in, certain sound recordings, including but not limited to the sound recordings listed in Schedule B, for which the Record Company Plaintiffs

1 own copyrights protected by the Copyright Act. The Record Company Plaintiffs also own and exploit copyrights in thousands of music videos.

### The Music Publisher Plaintiffs

12. Plaintiff Universal Music Corp. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

13. Plaintiff Songs of Universal, Inc. (including d/b/a Universal Tunes) is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

14. Plaintiff Universal–Polygram International Publishing, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

15. Plaintiff Universal–Songs of Polygram International, Inc. (including d/b/a Universal–Cedarwood Publishing) is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

16. Plaintiff Universal–Polygram International Tunes, Inc. is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

17. Plaintiff Universal Music–MGB NA LLC (including d/b/a Universal Music–MGB Songs, Universal Music–Careers, and Multisongs) is a Limited Liability Company duly organized and existing under the laws of the State of California with its principal place of business in Los Angeles County, California, and is duly

qualified to transact business in the State of California and in this judicial District.

18. Plaintiff Universal Music–Z Tunes LLC (including d/b/a Universal Music–Z Songs, Universal Music–Z Melodies, Universal Music–Brentwood Benson Publishing, Universal Music–Brentwood Benson Songs, Universal–Brentwood Benson Tunes, and Bridge Building Music) is a Limited Liability Company duly organized and existing under the laws of the State of New York with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

19. Plaintiff Rondor Music International, Inc. (including d/b/a Almo Music Corp., Irving Music, Inc., and 360 Music) is a corporation duly organized and existing under the laws of the State of California with its principal place of business in Los Angeles County, California, and is duly qualified to transact business in the State of California and in this judicial District.

20. The foregoing Plaintiffs (the "Music Publisher Plaintiffs") are music publishing companies engaged in the acquisition, ownership, administration, and exploitation of musical compositions. The Music Publisher Plaintiffs are among the world's leading music publishing companies and own the rights to thousands of musical compositions, including many of the most well-known and valuable musical compositions in the world. The Music Publisher Plaintiffs invest substantial sums of money, as well as time, effort, and creative talent to acquire, administer, license and otherwise exploit copyrights in musical compositions, on their own behalf and on behalf of songwriters, many of who live and/or work in this District.

21. The Music Publisher Plaintiffs are the copyright owners and/or the owners of exclusive rights under copyright with respect to certain musical compositions, including but not limited to the musical compositions listed in Schedule C.

**Defendants**

22. Plaintiffs are informed and believe, and on that basis aver, that

Defendant Global Eagle Entertainment Inc., d/b/a Inflight Productions, Inflight Entertainment Alliance, and IFP, is a Delaware corporation with a principal place of business in Los Angeles, California.

23.  Plaintiffs are informed and believe, and on that basis aver, that Defendant Inflight Productions USA Inc./AAEC Inc., d/b/a Inflight Productions, Inflight Entertainment Alliance, and IFP, is a California corporation with a principal place of business in Los Angeles, California.

24.  Plaintiffs are informed and believe, and on that basis aver, that Defendant Inflight Productions, Ltd. is an entity of unknown form with a place of business in Los Angeles, California.

25.  The true names and capacities, whether individual, corporate, associate, or otherwise, of all defendants sued herein as Does 1 through 20 (the "Doe Defendants"), are unknown to Plaintiffs, who therefore sue such defendants by such fictitious names. If necessary, Plaintiffs will seek leave of Court to amend this Complaint to state their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe, and on that basis aver, that the Doe Defendants direct, control, ratify, participate in, materially contribute to, profit from, induce, encourage, facilitate, and/or are the moving force behind the violations of Plaintiffs' copyrights and rights under state law complained of herein or are otherwise liable to Plaintiffs as a result of their participation in all or some of the acts hereinafter set forth. Plaintiffs further are informed and believe and on that basis aver that each of the Doe Defendants was the agent of at least one of the named defendants, and in doing the things alleged in this complaint was acting within the course and scope of such agency; and/or acted in concert with at least one of the named defendants, and is jointly and severally liable to Plaintiffs with said named defendants. The named defendants and the Doe Defendants are hereinafter collectively referred to as "Defendants."

**FACTS COMMON TO ALL CLAIMS**

26. Plaintiffs are informed and believe, and on that basis aver, that Defendants, and each of them, without license, permission, or authority from Plaintiffs, or any of them, have reproduced, distributed, publicly performed (including by means of digital audio transmissions), and imported Plaintiffs' copyrighted and otherwise protected sound recordings and copyrighted musical compositions – many of them among Plaintiffs' most popular and valuable – for the entertainment of airline passengers. Acting in concert with one another, Defendants have unlawfully reproduced Plaintiffs' sound recordings and musical compositions; installed these infringing copies on servers located onboard aircraft; and distributed and transmitted these infringing copies (including, on information and belief, by making additional infringing copies), and performances of them, to airline passengers throughout the United States, both interactively and on-demand, and by selecting, coordinating, and arranging them in predetermined order for the entertainment of airline passengers.

27. Plaintiffs are informed and believe, and on that basis aver, that some or all of Defendants have also reproduced, distributed, publicly performed, and imported the Record Company Plaintiffs' copyrighted music videos for the entertainment of airline passengers.

28. Defendants have further unlawfully advertised and promoted their use of Plaintiffs' copyrighted and otherwise protected sound recordings and copyrighted musical compositions to their customers and to airline passengers, to Plaintiffs' further damage. *See* Schedule A.

29. The infringement, theft, and other misuse of Plaintiffs' property by Defendants has contributed materially to Defendants' revenues and profits. Plaintiffs are informed and believe, and on that basis aver, that Defendants have judicially admitted that the impact of the unauthorized use of Plaintiffs' property on Defendants' business(es) is significant, and has more than a merely tenuous, remote, or peripheral effect on Defendants' rates, routes, and/or services, and, therefore, on

Defendants' revenues and profits. The extent to which Defendants' unauthorized uses of Plaintiffs' property impact Defendants' rates, routes, and services, and therefore Defendants' revenues and profits, will be determined in discovery. Plaintiffs are informed and believe that the theft of Plaintiffs' works is not necessary to Defendants' provision of in-flight entertainment to airline passengers. Further, Defendants have abused their purported authority, if they claim any such authority, to provide music for the entertainment of airline passengers by stealing the music, *i.e.*, Plaintiffs' property, that they provide to airlines and to such passengers.

30. Defendants' misconduct has proximately caused substantial damage to Plaintiffs in many separate and independent ways. By way of example only, and without limitation, Defendants' unauthorized uses of Plaintiffs' property diminishes the value of such property for other uses, including first-use premiums and exclusive uses; and by using, and advertising and promoting their use of, Plaintiffs' property without any indication that such uses are licensed or authorized by Plaintiffs, Defendants denigrate and disparage Plaintiffs and their sound recordings and musical compositions by conveying to airlines, passengers, and the general public that Plaintiffs' property is without value, and/or is of insignificant or insubstantial value, to Plaintiffs' great and incalculable injury.

## COUNT I
## COPYRIGHT INFRINGEMENT – SOUND RECORDINGS
### By the Record Company Plaintiffs Against All Defendants

31. The Record Company Plaintiffs reallege and incorporate by reference each of the allegations in paragraphs 1 through 32 set forth above.

**32.** The Record Company Plaintiffs own the copyrights in the sound recordings identified in the representative list attached hereto as Schedule B, among many other sound recordings that the Record Company Plaintiffs own and which they are informed and believe, and on that basis aver, that Defendants have infringed, to be identified in discovery.

33. In accordance with the Copyright Act, the Record Company Plaintiffs, their predecessors in interest, or their licensors have registered the copyrights to the sound recordings listed in Schedule B with the Copyright Office of the United States, or applied for such registration, prior to commencement of this action.

34. By way of illustration only, Defendants have, without permission, reproduced, distributed, public performed by means of digital audio transmissions, and imported the sound recordings, or portions thereof, reflected in Schedule B. Additionally, the Record Company Plaintiffs are informed and believe, and on that basis aver, that Defendants have, without permission, reproduced, distributed, publicly performed by means of digital audio transmissions, and imported hundreds, if not thousands, of additional copyrighted sound recordings, as well as copyrighted music videos, owned by the Record Company Plaintiffs, including sound recordings by such prominent recording artists as Katy Perry, Black Eyed Peas, Taylor Swift, No Doubt, Colbie Caillat, Weezer, Andrea Bocelli, and Kanye West, to name just a few. For several months, Defendants promised to provide to the Record Company Plaintiffs a list of such unauthorized uses, but ultimately have failed and refused to do so. Accordingly, the Record Company Plaintiffs will obtain such information in discovery, and, if necessary, the will amend this Complaint to add additional claims under the Copyright Act once the specific identities of the sound recordings infringed by Defendants are determined.

35. Defendants have infringed the Record Company Plaintiffs' exclusive rights to the sound recordings and music videos pursuant to 17 U.S.C. § 106 and § 602.

36. Alternatively, with actual or constructive knowledge of the infringing activity, Defendants have induced, caused and/or materially contributed to the infringing conduct of others; and/or have failed to exercise their respective rights and abilities to control the conduct of those responsible for infringement, while deriving a financial benefit from the infringement.

37. Defendants' conduct was intentional and willful and undertaken with a conscious disregard of the Record Company Plaintiffs' rights. The Record Company Plaintiffs are entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Defendants' profits attributable to the infringement. The Record Company Plaintiffs also are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

38. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause the Record Company Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. The Record Company Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, the Record Company Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of their copyrights and exclusive rights.

## COUNT II
## COPYRIGHT INFRINGEMENT – MUSICAL COMPOSITIONS
### By the Music Publisher Plaintiffs Against All Defendants

39. The Music Publisher Plaintiffs reallege and incorporate by reference each of the allegations in paragraphs 1 through 32 set forth above.

**40.** The Music Publisher Plaintiffs own the copyrights in the musical compositions identified in the representative list attached hereto as Schedule C, among many other sound recordings that the Music Publisher Plaintiffs own and which they are informed and believe, and on that basis aver, that Defendants have infringed, to be identified in discovery.

41. In accordance with the Copyright Act, the Music Publisher Plaintiffs, their predecessors in interest, or their licensors have registered the copyrights to the musical compositions listed in Schedule C with the Copyright Office of the United States, or applied for such registration, prior to commencement of this action.

42. By way of illustration only, Defendants have, without permission, reproduced, distributed, publicly performed, and imported the musical compositions,

or portions thereof, reflected in Schedule C. Additionally, the Music Publisher Plaintiffs are informed and believe, and on that basis aver, that Defendants have, without permission, reproduced, distributed, publicly performed, and imported additional musical compositions owned by the Music Publisher Plaintiffs, including musical compositions by such prominent songwriters as Elton John, Paul Simon, Justin Bieber, Eminem, the members of U2, the members of Imagine Dragons, and Carrie Underwood., to name just a few. For several months, Defendants promised to provide to the Music Publisher Plaintiffs a list of such unauthorized uses, but ultimately have failed and refused to do so. Accordingly, the Music Publisher Plaintiffs will obtain such information in discovery, and, if necessary, the will amend this Complaint to add additional claims under the Copyright Act once the specific identities of the musical compositions infringed by Defendants are determined.

43. Defendants have infringed the Music Publisher Plaintiffs' exclusive rights to the musical compositions pursuant to 17 U.S.C. § 106 and § 602.

44. Alternatively, with actual or constructive knowledge of the infringing activity, Defendants have induced, caused and/or materially contributed to the infringing conduct of others; and/or have failed to exercise their respective rights and abilities to control the conduct of those responsible for infringement, while deriving a financial benefit from the infringement.

45. Defendants' conduct was intentional and willful and undertaken with a conscious disregard of Plaintiffs' rights. The Music Publisher Plaintiffs are entitled to statutory damages under the Copyright Act or, alternatively, compensatory damages, including but not limited to Defendants' profits attributable to the infringement. The Music Publisher Plaintiffs also are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

46. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause the Music Publisher Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. The Music Publisher

Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. § 502, the Music Publisher Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of their copyrights and exclusive rights.

## COUNT III

## VIOLATION OF CALIFORNIA CIVIL CODE § 980(2)

### By the Record Company Plaintiffs Against All Defendants

47. The Record Company Plaintiffs reallege and incorporate by reference each of the allegations in paragraphs 1 through 32 set forth above.

48. The Record Company Plaintiffs possess exclusive ownership interests in and to thousands of sound recordings pursuant to California Civil Code § 980(a)(2) and under the common law. The Record Company Plaintiffs are informed and believe, and on that basis aver, that Defendants have, without permission, reproduced, distributed, and publicly performed by means of digital audio transmissions hundreds, if not thousands, of additional sound recordings owned pursuant to state law by the Record Company Plaintiffs, including sound recordings by such prominent recording artists as The Beatles, Ella Fitzgerald, Marvin Gaye, B.B. King, the Supremes, the Beach Boys, and Muddy Waters, to name just a few. For several months, Defendants promised to provide to the Record Company Plaintiffs a list of such unauthorized uses, but ultimately have failed and refused to do so. Accordingly, the Record Company Plaintiffs will obtain such information in discovery, and, if necessary, the will amend this Complaint once the specific identities of the sound recordings infringed by Defendants are determined.

49. As a direct and proximate result of Defendants' conduct in violation of the Record Company Plaintiffs' exclusive ownership interests in and to the Record Company Plaintiffs' sound recordings owned pursuant to state law, Defendants have received proceeds and the Record Company Plaintiffs have been damaged in an amount to be proved at trial.

50. Defendants' conduct is causing and, unless enjoined and restrained by

PRINTED ON
RECYCLED PAPER
LA 10571691v6

1  this Court, will continue to cause the Record Company Plaintiffs great and irreparable
2  injury that cannot fully be compensated or measured in money. The Record
3  Company Plaintiffs have no adequate remedy at law. The Record Company Plaintiffs
4  are entitled to preliminary and permanent injunctions prohibiting further
5  infringements of their exclusive rights.

6  51.  Defendants are guilty of oppression, fraud and/or malice and the Record
7  Company Plaintiffs, in addition to their actual damages are, by reason thereof,
8  entitled to recover exemplary and punitive damages against Defendants.

## COUNT IV
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 AND COMMON LAW UNFAIR COMPETITION

**By the Record Company Plaintiffs Against All Defendants**

52.  The Record Company Plaintiffs reallege and incorporate by reference each of the allegations in paragraphs 1 through 32 and 50 through 53 set forth above.

53.  The foregoing acts and conduct of Defendants constitute an appropriation and invasion of the property rights of the Record Company Plaintiffs in and to the sound recordings that the Record Company Plaintiffs own pursuant to state law and which they are informed and believe, and on that basis aver, that Defendants have infringed, to be identified in discovery. The foregoing acts and conduct of Defendants constitute unfair competition under California Business and Professions Code § 17200 and under the common law. If necessary, the Record Company Plaintiffs will amend this Complaint once the specific identities of the sound recordings infringed by Defendants are determined in discovery.

54.  As a direct and proximate result of Defendants' conduct, the Record Company Plaintiffs are entitled to recover all proceeds and other compensation received or to be received by Defendants arising from their infringements of the Record Company Plaintiffs' sound recordings owned pursuant to state law. The Record Company Plaintiffs request the Court to order Defendants to render an

accounting to ascertain the amount of such profits and compensation.

55. As a direct and proximate result of Defendants' unfair competition, the Record Company Plaintiffs have been damaged and Defendants have been unjustly enriched, in an amount that shall be proved at trial for which damages, restitution, and/or disgorgement is appropriate. Such damages, restitution, and/or disgorgement should include a declaration by this Court that Defendants are constructive trustees for the benefit of the Record Company Plaintiffs and an order that Defendants convey to the Record Company Plaintiffs all the gross receipts received or to be received that are attributable to infringement of the Record Company Plaintiffs' sound recordings owned pursuant to state law.

56. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause the Record Company Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. The Record Company Plaintiffs have no adequate remedy at law. The Record Company Plaintiffs are entitled to preliminary and permanent injunctions prohibiting further infringements of their exclusive rights.

57. Defendants are guilty of oppression, fraud and/or malice and the Record Company Plaintiffs, in addition to their actual damages are, by reason thereof, entitled to recover exemplary and punitive damages against Defendants.

WHEREFORE, Plaintiffs pray for the following relief:

1. On Counts I and II, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c), or in the alternative for an award of Defendants' profits and for compensatory damages according to proof;

2. On Counts III and IV, for an accounting, the imposition of a constructive trust, restitution of Defendants' unlawful proceeds, and damages according to proof;

3. On Counts III and IV, for punitive and exemplary damages in such

amount as may be awarded at trial;

4. On all counts, a temporary and final injunction to prevent or restrain further infringements and misappropriations of Plaintiffs' copyrights and exclusive ownership interests;

5. For prejudgment interest;

6. For Plaintiffs' costs, including, on Counts I and II, their attorneys' fees and full costs pursuant to 17 U.S.C. § 505; and

7. For such other and further relief as the Court may deem just and proper.

DATED: May 5, 2014

JEFFREY D. GOLDMAN
ELIZABETH A. CULLEY
JEFFER MANGELS BUTLER & MITCHELL LLP


By: */s/ Jeffrey D. Goldman*
     JEFFREY D. GOLDMAN
     Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues triable to a jury.

DATED: May 5, 2014

JEFFREY D. GOLDMAN
ELIZABETH A. CULLEY
JEFFER MANGELS BUTLER & MITCHELL LLP

By: */s/ Jeffrey D. Goldman*
   JEFFREY D. GOLDMAN
Attorneys for Plaintiffs