1  JEFFREY D. GOLDMAN (Bar No. 155589)
   ELIZABETH A. CULLEY (Bar No. 258250)
2  JEFFER MANGELS BUTLER & MITCHELL LLP
   1900 Avenue of the Stars, Seventh Floor
3  Los Angeles, California  90067-4308
   Telephone:   (310) 203-8080
4  Facsimile:    (310) 203-0567

5  Attorneys for Plaintiffs

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

11 UMG RECORDINGS, INC. a Delaware         CASE NO. 2:14-cv-03466-MMM (JPR)
   corporation; CAPITOL RECORDS,
12 LLC, a Delaware limited liability
   company; UNIVERSAL MUSIC               **STIPULATION AND PROTECTIVE**
13 CORP., a Delaware corporation; SONGS   **ORDER REGARDING**
   OF UNIVERSAL, INC., a California       **CONFIDENTIAL INFORMATION**
14 corporation; UNIVERSAL –
   POLYGRAM INTERNATIONAL
15 PUBLISHING, INC. a Delaware
   corporation; UNIVERSAL – SONGS
16 OF POLYGRAM INTERNATIONAL,
   INC., a Delaware corporation;
17 UNIVERSAL – POLYGRAM
   INTERNATIONAL TUNES, INC., a
18 Delaware corporation; UNIVERSAL
   MUSIC – MGB NA LLC, a California
19 limited liability company; UNIVERSAL
   MUSIC – Z TUNES LLC, a New York
20 limited liability company; and RONDOR
   MUSIC INTERNATIONAL, INC., a
21 California corporation,

22            Plaintiffs,

23       v.

24 GLOBAL EAGLE ENTERTAINMENT
   INC. a Delaware corporation, for itself
25 and d/b/a INFLIGHT PRODUCTIONS,
   INFLIGHT ENTERTAINMENT
26 ALLIANCE and IFP; INFLIGHT
   PRODUCTIONS USA INC./AAEC
27 INC., a California corporation, for itself
   and d/b/a INFLIGHT PRODUCTIONS,
28 INFLIGHT ENTERTAINMENT

PRINTED ON
RECYCLED PAPER
LA 11249702v1

| | |
|---|---|
| 1 | ALLIANCE and IFP; INFLIGHT PRODUCTIONS LTD., an entity of unknown form; and DOES 1 – 20, inclusive, |
| 2 | |
| 3 | Defendants. |

Plaintiffs UMG Recordings, Inc.; Capitol Records, LLC; Universal Music Corp.; Songs Of Universal, Inc.; Universal–PolyGram International Publishing, Inc.; Universal–Songs of PolyGram International, Inc.; Universal–PolyGram International Tunes, Inc.; Universal Music–MGB NA LLC; Universal Music–Z Tunes LLC; and Rondor Music International, Inc., on the one hand, and defendants Global Eagle Entertainment Inc.; Inflight Productions USA Inc.; and Inflight Productions Ltd., on the other hand, through their respective counsel, acknowledge that the discovery and pre-trial phase of this action may involve disclosure of trade secrets and/or other confidential and proprietary business, technical, or financial information. Therefore, the parties hereby stipulate that the Court may enter the following Order pursuant to Fed. R. Civ. P. 26(c).

### 1. DEFINITIONS

1.1 As used herein, the term "CONFIDENTIAL" material shall mean: (a) any oral, written, or recorded material that consists of or contains trade secrets (as defined in California Civil Code § 3426.1(d)) or other confidential research, development, or commercial information (as referred to in Fed. R. Civ. P. 26(c)(1)(G)) (a) which the designating party reasonably believes needs to be protected from disclosure for competitive business reasons; (b) in which the party or any third party has a privacy interest; or (c) is subject to protection from disclosure, or limitation upon disclosure, under applicable law or court order.

1.2 As used herein, the term "HIGHLY CONFIDENTIAL –

1 ATTORNEYS' EYES ONLY" material shall mean: extremely sensitive
2 CONFIDENTIAL Material whose disclosure to another Party or nonparty would
3 create a substantial risk of serious injury that could not be avoided by less restrictive
4 means.
5      1.3     As used herein, the term "DOCUMENT," whether singular or
6 plural, means and includes all "writings" and "recordings" within the meaning of
7 Federal Rule of Evidence 1001.
8
9      **2.**     **DESIGNATION OF CONFIDENTIAL OR HIGHLY**
10            **CONFIDENTIAL – ATTORNEYS' EYES ONLY**
11            **MATERIAL; CHALLENGES TO DESIGNATIONS**
12      2.1     This PROTECTIVE ORDER applies to all discovery responses,
13 documents, testimony, and other information or materials containing information
14 disclosed in this action that are designated by a party or third party as
15 CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.
16      2.2     Any party or third party responding to discovery in this action
17 shall have the right to designate any document, testimony, or other information or
18 material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL –
19 ATTORNEYS' EYES ONLY, if the party has a good-faith belief that the material
20 satisfies the definitions of CONFIDENTIAL or HIGHLY CONFIDENTIAL –
21 ATTORNEYS' EYES ONLY herein.
22      2.3     Such designation shall be accomplished by placing the notation
23 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
24 ONLY" on every page of each document or portion thereof so designated.  In the case
25 of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY
26 material disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks,
27 etc.), the appropriate notation shall be affixed to the outside of the medium or its
28

1  container so as to clearly give notice of the designation. Such designation is deemed
2  to apply to the document itself and to the CONFIDENTIAL or HIGHLY
3  CONFIDENTIAL – ATTORNEYS' EYE ONLY material contained therein.

4        2.4    Material may be designated as CONFIDENTIAL or HIGHLY
5  CONFIDENTIAL – ATTORNEYS' EYES ONLY within thirty (30) days after
6  disclosure, in which event the receiving party shall employ reasonable efforts to
7  ensure that all previously disclosed material is subsequently treated as
8  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,
9  as designated.

10       2.5    CONFIDENTIAL or HIGHLY CONFIDENTIAL –
11 ATTORNEYS' EYE ONLY material so designated shall be used only for the
12 purposes of this litigation and (a) may not be used by any party to whom or which
13 that information is produced or disclosed for any other purpose; (b) shall not be
14 disclosed to anyone other than those persons identified in Paragraphs 4.1 and 4.2,
15 *infra*, except as may be ordered by the Court or agreed to in writing by the parties;
16 and (c) if used by a party to whom or which it has been produced or disclosed as part
17 of a paper filed or lodged with the Court, the party using it shall take all reasonable
18 steps to preserve the continued confidentiality of that designated CONFIDENTIAL or
19 HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material, including
20 maintaining the designation of confidentiality in all places where it is so used and
21 requesting that it is filed or lodged with the Court under seal in accordance with C.D.
22 Cal. Local Rule 79-5.1.

23       2.6    These obligations of confidentiality and nondisclosure shall bind
24 the parties through all proceedings in this action, including all appeals, arbitrations,
25 and proceedings upon remand, and shall survive the conclusion of this action unless
26 and until otherwise ordered by the Court, or until the parties to this action stipulate
27 that designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'
28

EYE ONLY material can be disclosed.

2.7 A party that disputes the propriety of a designation shall challenge such designation within a reasonable time after the materials are so designated, pursuant to the procedures of Local Rules 37-1 through 37-4. If the dispute cannot be resolved, the receiving party may apply to the Court for a ruling concerning the status of such material, in which case the burden of proving that material has been properly designated shall be on the party making such designation. Pending such application and ruling, the receiving party shall treat such material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material under this PROTECTIVE ORDER.

## 3. DEPOSITIONS

3.1 When designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material is supplied to a deponent, or when the deponent's testimony contains, reflects, or comments on designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material, the deposition reporter and/or video operator shall be informed of this PROTECTIVE ORDER by the party or third party seeking to invoke its protection, and will be required to agree to be bound by its terms. The reporter and/or video operator then shall place on the cover of any deposition transcript or video that contains any designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material the words "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A COURT PROTECTIVE ORDER." Counsel for the parties then shall take appropriate steps to prevent any portions of any deposition transcript or videotape designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY from being disclosed to any person, except as provided in this PROTECTIVE ORDER.

1    3.2    Testimony at a deposition may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if this PROTECTIVE ORDER is invoked at the deposition by counsel for a party or third party or the deponent, or within thirty (30) days after receiving a copy of the deposition transcript.

3.3    Each deponent to whom any party or third party proposes to disclose designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material at a deposition, trial, or other proceeding shall be given a copy of this PROTECTIVE ORDER and the parties shall take all reasonable steps to have the deponent abide by its contents.

3.4    If designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material during that portion of the deposition in which the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material is discussed or disclosed.  If designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material is to be discussed or disclosed at a hearing or at trial, the parties may request that the Court exclude from the courtroom any person who is not entitled to receive such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material during that portion of the hearing or trial in which the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material is discussed or disclosed.

**4.    DISCLOSURE OF DESIGNATED CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY MATERIAL**

1    4.1    Access to material designated as CONFIDENTIAL shall be
2 limited to the following persons:
3        4.1.1    Outside and in-house counsel for the parties and their
4 support personnel such as paralegal assistants, secretarial, stenographic and clerical
5 employees and contractors, and outside copying services who are working on this
6 litigation under the direction of such attorneys and to whom it is necessary that the
7 materials be disclosed for purposes of this litigation.
8        4.1.2    Bona fide experts and/or consultants (together with
9 their clerical staff) retained by counsel of record on behalf of the parties for purposes
10 of this litigation.
11        4.1.3    Pursuant to Paragraphs 3.1 through 3.4, *supra*,
12 deponents at their depositions.  Counsel should have a good faith belief that such
13 disclosure is necessary before disclosing designated CONFIDENTIAL material to
14 the deponent.
15        4.1.4    Court reporters and videographers employed in this
16 litigation.
17        4.1.5    The parties to this action, as well as current officers,
18 directors, and employees of the parties to this action that are corporate entities.
19        4.1.6    The Court and its staff, mediators used in settlement
20 proceedings in this action and their staff, and members of a jury impaneled for a trial
21 in this action.
22    4.2    Access to material designated as HIGHLY CONFIDENTIAL –
23 ATTORNEYS' EYES ONLY shall be limited to the following persons:
24        4.2.1    In-house counsel for the corporate parties to this
25 action who have supervisory responsibility for this litigation and their support
26 personnel, attorneys of record in this proceeding, their partners and associates, and
27 their support personnel.  Support personnel includes paralegal assistants, secretarial,
28

1  stenographic and clerical employees, and outside contractors.

2      4.2.2  Bona fide experts and/or consultants (together with
3  their clerical staff) retained by counsel of record on behalf of the parties for purposes
4  of this litigation.

5      4.2.3  Pursuant to Paragraphs 3.1 through 3.4, *supra*,
6  deponents at their depositions. Counsel should have a good faith belief that such
7  disclosure is necessary before disclosing designated HIGHLY CONFIDENTIAL –
8  ATTORNEYS' EYES ONLY material to the deponent.

9      4.2.4  Court reporters and videographers employed in this
10 litigation.

11     4.2.5  The Court and its staff, mediators used in settlement
12 proceedings in this action and their staff, and members of a jury impaneled for a trial
13 in this action.

14   4.3  Each person referred to in paragraphs 4.1.2 and 4.2.2 to whom
15 material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL –
16 ATTORNEYS' EYES ONLY is to be given, shown, disclosed, made available or
17 communicated in any way, shall execute a declaration, in the form attached hereto as
18 Exhibit A, agreeing to be bound by the terms of this Order, and a copy of the
19 declaration shall be maintained by outside litigation counsel for the party making
20 such disclosure.

21

22   **5.**  **<u>CUSTODY AND DISPOSITION OF DESIGNATED</u>**
23     **<u>CONFIDENTIAL OR HIGHLY CONFIDENTIAL –</u>**
24     **<u>ATTORNEYS' EYES ONLY MATERIAL</u>**

25   5.1  Material designated CONFIDENTIAL or HIGHLY
26 CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained in the custody
27 of counsel for the parties, except for information in the custody of: (a) the Court; (b)

28

1  any court reporter transcribing testimony given in this action, for the limited purpose
2  of rendering his or her normal transcribing services; and (c) consultants entitled to see
3  such information under the terms of this PROTECTIVE ORDER, to the extent
4  necessary for their study, analysis, and preparation of the case.  Except for the Court,
5  a person with custody of information designated CONFIDENTIAL or HIGHLY
6  CONFIDENTIAL – ATTORNEYS' EYES ONLY shall maintain it in a manner that
7  limits access to it to only those persons entitled under this PROTECTIVE ORDER to
8  examine it.
9            5.2    Should any material designated as CONFIDENTIAL or HIGHLY
10 CONFIDENTIAL – ATTORNEYS' EYES ONLY be disclosed, through
11 inadvertence or otherwise, to any person or party not authorized to see such materials
12 under this PROTECTIVE ORDER, then the disclosing party or third party shall (a)
13 use its best efforts to bind such person to the terms of this PROTECTIVE ORDER,
14 and (b) identify the name, address, telephone number, employer, and title or position
15 of such person immediately to the party or third party that or who designated the
16 document.
17           5.3    Unless counsel agree otherwise in writing, within sixty (60)
18 days of the conclusion of this litigation, whether by settlement or final, non-
19 appealable decision of the Court, the parties, counsel for the parties, and all other
20 persons who are in possession of documents designated CONFIDENTIAL or
21 HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall destroy or return
22 to the producing party or third party all hard copy documents, other than attorney
23 work product, containing designated CONFIDENTIAL or HIGHLY
24 CONFIDENTIAL – ATTORNEYS' EYE ONLY material; and delete all
25 electronically stored documents, other than attorney client-communications, attorney
26 work product and communications between counsel of record (excluding document
27 productions transmitted between counsel), containing designated CONFIDENTIAL
28

PRINTED ON
RECYCLED PAPER
LA 11249702v1

or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material; notwithstanding the foregoing (a) the parties shall not have any obligation to ensure the destruction of any copies of electronically-stored CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material made by the automatic processes of their computer systems, such as copies that may reside on their servers and/or backup tapes; (b) counsel of record and each party may retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases; and (c) nothing in this paragraph shall be construed to require any party to return or destroy attorney client privileged communications, whether from or to outside or in-house counsel, attorney work product or communications between counsel of record (excluding document productions transmitted between counsel).

## 6. **MISCELLANEOUS PROVISIONS**

6.1     No party to this action, by acquiescing in any other party's designation of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall be deemed to have admitted or agreed that any such material is, in fact, a trade secret or other confidential research, development, or commercial information.

6.2     The Court retains jurisdiction even after termination of this action to enforce this PROTECTIVE ORDER and to make such deletions from or amendments, modifications, and additions to the PROTECTIVE ORDER that the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this PROTECTIVE ORDER or seeking further protection against disclosure or use of claimed CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material.

1  6.3 Nothing contained herein shall restrict any party from introducing designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material as evidence at trial.  A party may seek a protective order prior to trial with respect to testimony containing designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material that may be offered at trial or specific documents containing designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYE ONLY material that may be marked as exhibits at trial in order to maintain the continued confidentiality of such information.

6.4 In general, court orders are available to the public.  To the extent that a party refers to or relies upon material that is filed under seal in its pleadings, the pleadings must request that specific information be kept confidential.  Absent the granting of such advance request, the Court may incorporate all evidence in its written and oral rulings.

## 7. GOOD CAUSE STATEMENT

Pursuant to Fed. R. Civ. P. 26(c), good cause exists for entry of this PROTECTIVE ORDER because the parties to this action:  (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to get involved in discovery in this action might believe is sensitive, private, and confidential, including, but not limited to, (a) information concerning the amounts paid under and other terms in confidential contracts entered into by the parties with third parties, and the financial and other terms of contracts entered into by the parties that are competitively sensitive and that would harm the parties if such terms were disclosed to their competitor, (b) other information that constitutes proprietary information, confidential business information, information that a party or third party may need,

1  for any business, employment or competitive purposes, to be protected from
2  disclosure, (c) trade secrets, and/or information in which a party or any third party has
3  a privacy interest, and (d) information that is subject to protection from disclosure, or
4  limitation upon disclosure, under applicable law; (2) believe that unrestricted
5  disclosure or dissemination of such CONFIDENTIAL or HIGHLY CONFIDENTIAL
6  – ATTORNEYS' EYES ONLY material will cause them some business, commercial,
7  and privacy injury; (3) desire an efficient and practicable means to designate such
8  information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS'
9  EYES ONLY and thereby help ensure its
10 continued protection against unwarranted disclosure or dissemination; and (4) have
11 agreed to such means as set forth herein.

    IT IS SO STIPULATED.

DATED: August 22, 2014  JEFFREY D. GOLDMAN
           ELIZABETH A. CULLEY
          JEFFER MANGELS BUTLER & MITCHELL LLP

          By:*/s/ Jeffrey D. Goldman*
           JEFFREY D. GOLDMAN
          Attorneys for Plaintiffs

DATED: August 22, 2014  MARTIN D. KATZ
          JAY T. RAMSEY
          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

          By: */s/ Martin D. Katz*
           MARTIN D. KATZ
          Attorneys for Defendants GLOBAL EAGLE ENTERTAINMENT INC.; INFLIGHT PRODUCTIONS USA INC.; and INFLIGHT PRODUCTIONS LTD.

1
2
3   IT IS SO ORDERED.
4
5                                           _____
6   Dated: August 22, 2014              Hon. Jean P. Rosenbluth
                                        United States Magistrate Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## ACKNOWLEDGEMENT AND CONSENT TO JURISDICTION

I,_____, acknowledge that I have been given a copy and have read the Stipulation and Protective Order Regarding Confidential Information (the "Order") in *UMG Recordings, Inc. et al., v. Global Eagle Entertainment Inc., et al.*, Case No. CV 14-03466 MMM (JPR), and I agree to be bound by its terms. I acknowledge and agree that any documents received by me in connection with this matter, including, without limitation, those marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and any copies, excerpts, summaries and abstracts of such documents, shall not be disclosed to or discussed with anyone except as expressly provided in the Order. I further acknowledge and agree that all documents received or prepared by me in connection with this matter, including, without limitation, documents marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, shall be used only in the prosecution or defense, including any appeal, of this matter and shall be returned at the conclusion of the case.

I consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcing the Order and penalizing violations thereof.

EXECUTED on _____, at _____.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

By: _____

Name: _____

Title: _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PRINTED ON

RECYCLED PAPER
LA 11249702v1