JEFFREY D. GOLDMAN (Bar No. 155589)
ELIZABETH A. CULLEY (Bar No. 258250)
TALYA GOLDFINGER (Bar No. 294926)
JEFFER, MANGELS, BUTLER & MITCHELL LLP
1900 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-4308
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC. a Delaware corporation; CAPITOL RECORDS, LLC, a Delaware limited liability company; UNIVERSAL MUSIC CORP., a Delaware corporation; SONGS OF UNIVERSAL, INC., a California corporation; UNIVERSAL – POLYGRAM INTERNATIONAL PUBLISHING, INC. a Delaware corporation; UNIVERSAL – SONGS OF POLYGRAM INTERNATIONAL, INC., a Delaware corporation; UNIVERSAL – POLYGRAM INTERNATIONAL TUNES, INC., a Delaware corporation; UNIVERSAL MUSIC – MGB NA LLC, a California limited liability company; UNIVERSAL MUSIC – Z TUNES LLC, a New York limited liability company; and RONDOR MUSIC INTERNATIONAL, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> GLOBAL EAGLE ENTERTAINMENT INC. a Delaware corporation, for itself and d/b/a INFLIGHT PRODUCTIONS, INFLIGHT ENTERTAINMENT ALLIANCE and IFP; INFLIGHT PRODUCTIONS USA INC./AAEC INC., a California corporation, for itself and d/b/a INFLIGHT PRODUCTIONS, INFLIGHT ENTERTAINMENT | CASE NO. 2:14-cv-03466-MMM (JPR) <br><br> *Hon. Jean P. Rosenbluth* <br><br> **AMENDED NOTICE OF APPLICATION AND APPLICATION FOR ISSUANCE OF LETTER OF REQUEST TO COMPEL THIRD PARTY RIGHTSCOM LTD. TO PRODUCE DOCUMENTS AND TESTIFY;** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES;** <br><br> **DECLARATION OF JEFFREY D. GOLDMAN** <br><br> Hearing Date if Necessary <br> Date: November 13, 2014 <br> Time: 10:00 a.m. <br> Ctrm: 827-A <br><br> Complaint filed: May 5, 2014 |

1 ALLIANCE and IFP; INFLIGHT PRODUCTIONS LTD., an entity of
2 unknown form; and DOES 1 – 20, inclusive,
3
  Defendants.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Rule 28(b)(2) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1781 *et seq.*, and the inherent authority of this Court, Plaintiffs request an Order directing the issuance of a Letter of Request to the Senior Master or other appropriate judicial authority in the United Kingdom, a copy of which is attached to the accompanying Declaration of Jeffrey D. Goldman as Exhibit 1, to compel third party Rightscom Ltd. ("Rightscom"), located in the United Kingdom, to produce documents and testify. Should a hearing be necessary, such a hearing will take place on November 13, 2014 at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 827-A of the United States District Court for the Central District of California, located in the Spring Street Courthouse, 312 N. Spring Street, Los Angeles, CA 90012-4701, the Honorable Jean P. Rosenbluth presiding.

This Application is made on the grounds that Rightscom possesses relevant documents and information, and contends it is beyond the subpoena power of this Court. Rightscom acted as Defendants' agent in unsuccessfully seeking to obtain authorization from Plaintiffs to use Plaintiffs' copyrighted and otherwise protected sound recordings and musical compositions, and is likely to possess unique and important information about (1) Defendants' failure to obtain licenses to use Plaintiffs' copyrighted and otherwise protected materials, (2) Defendants' knowledge that such licenses were required and their unlicensed activities were and are infringing, and (3) the willfulness and intentional nature of Defendants' conduct.

This Application is made following the conference of counsel pursuant to Local Rule 7-3 which took place on September 15, 2014 and September 18, 2014. At the conference, counsel for Defendants indicated that Defendants did not oppose the issuance of a Letter of Request.

This Application is based on this Notice of Application and Application, the accompanying Memorandum of Points and Authorities and Declaration of Jeffrey D. Goldman, the pleadings and papers on file herein, any reply Plaintiffs may make, and

1  upon such other matters as may be presented to the Court at or prior to the hearing, if
2  any hearing is deemed necessary.

3  DATED: October 16, 2014    JEFFREY D. GOLDMAN
4                              ELIZABETH A. CULLEY
                                TALYA GOLDFINGER
5                              JEFFER MANGELS BUTLER & MITCHELL LLP

6                              By: /s/ Jeffrey D. Goldman
7                                  JEFFREY D. GOLDMAN
                                Attorneys for Plaintiffs

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ..................................................................................1

II. ARGUMENT ...............................................................................................................2

III. CONCLUSION............................................................................................................5

# TABLE OF AUTHORITIES

Page

**CASES**

*Cascade Yarns, Inc. v. Knitting Fever, Inc.*,
   2014 WL 202102 (W.D. Wash. 2014) ............................................................. 3, 4

*Evanston Ins. Co. v. OEA, Inc.*,
   2006 WL 1652315 (E.D. Cal. 2006) ............................................................ 2, 3, 5

*Radware, Ltd. v. A10 Networks, Inc.*,
   2014 WL 631537 (N.D. Cal. 2014) .................................................................. 2, 3

*Tulip Computers Intern. B.V. v. Dell Computer Corp.*,
   254 F. Supp. 2d 469 (D. Del. 2003) .................................................................. 2, 4

*United States District Court for the Southern District of Iowa*,
   482 U.S. 522 (1987) ............................................................................................. 2

*Villanueva Compania Naviera, S.A. v. Bethlehem Steel Corp.*,
   752 F.2d 874 (3d Cir. 1984) ................................................................................ 3

*Zassenhaus v. Evening Star Newspaper Co.*,
   404 F.2d 1361 (D.C. Cir. 1968) ........................................................................... 3

**STATUTES**

Fed. R. Civ. P.
   § 28(b) .............................................................................................................. 3, 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## **PRELIMINARY STATEMENT**

This Application requests that this Court issue a letter of request to the Senior Master or other appropriate authority in the United Kingdom to permit Plaintiffs to obtain discovery from a key third party witness, Rightscom Ltd. ("Rightscom"), which is located in the U.K. and contends it is beyond the subpoena power of this Court.

Plaintiffs are record companies and music publishing companies that own rights in sound recordings and musical compositions, respectively. The "Record Company Plaintiffs" (as defined in the Complaint) "are among the world's leading record companies and own the rights [both federal copyrights and state law rights] to thousands of sound recordings, including many of the most well-known and valuable sound recordings in the world." Complaint ¶ 10. The "Music Publisher Plaintiffs" (as defined in the Complaint) "are among the world's leading music publishing companies and own the rights to thousands of musical compositions, including many of the most well-known and valuable musical compositions in the world." *Id*. ¶ 20. Plaintiffs allege that Defendants, a group of companies engaged in the business of providing in-flight entertainment to airlines, *id*. ¶¶ 1-3, "have reproduced, distributed, publicly performed (including by means of digital audio transmissions), and imported Plaintiffs' copyrighted and otherwise protected sound recordings and copyrighted musical compositions – many of them among Plaintiffs' most popular and valuable – for the entertainment of airline passengers." *Id*. ¶ 26. Counts I and II of the Complaint are federal copyright claims brought by the Record Company Plaintiffs and Music Publisher Plaintiffs; Counts III and IV are state law tort claims brought by the Record Company Plaintiffs with respect to their sound recordings that are protected by state law.

Defendants have represented to Plaintiffs, and Plaintiffs are otherwise informed

and believe, that Rightscom acted as Defendants' agent in seeking, unsuccessfully, to obtain licenses from Plaintiffs to use Plaintiffs' copyrighted and otherwise protected sound recordings and musical compositions. Declaration of Jeffrey D. Goldman ("Goldman Decl.") ¶ 3. Rightscom is likely to possess unique and important information about (1) Defendants' failure to obtain licenses to use Plaintiffs' copyrighted and otherwise protected materials, (2) Defendants' knowledge that such licenses were required and their unlicensed activities were and are infringing, and (3) the willfulness and intentional nature of Defendants' conduct. *Id*. As Rightscom declined to voluntarily accept service of a subpoena from Plaintiffs, *id*., Plaintiffs request the Court's assistance in obtaining the relevant documents, as well as Rightscom's testimony, through the attached Letter of Request. Goldman Decl., Ex. 1.

## II.

## ARGUMENT

Hague Evidence Convention procedures "are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa*, 482 U.S. 522, 538 (1987). "The Convention allows judicial authorities in one signatory country to obtain evidence located in another signatory country 'for use in judicial proceedings, commenced or contemplated.'" *Tulip Computers Intern. B.V. v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 472 (D. Del. 2003), *quoting* Hague Evidence Convention, Art. 1. Both the United States and Great Britain are signatories to the Hague Evidence Convention. *Evanston Ins. Co. v. OEA, Inc.*, 2006 WL 1652315, *3 (E.D. Cal. 2006).

Also known as a letter rogatory, a letter of request "is the request by a domestic court to a foreign court to take evidence from a certain witness." *Radware, Ltd. v. A10 Networks, Inc.*, 2014 WL 631537, *2 (N.D. Cal. 2014), *quoting Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004). "A court has the

inherent authority to issue" a letter of request.  *Radware*, 2014 WL 631537, at *2, *citing S.E.C. v. Leslie*, 2009 WL 688836, *2 (N.D. Cal. 2009), and 28 U.S.C. § 1781. Letters of request under the Hague Convention need only specify "(a) the authority requesting its execution and the authority requested to execute it; (b) the names and addresses of the persons, the proceedings and the representatives, if any; (c) the nature of the proceedings in which the evidence is required, giving only necessary information in regard thereto; (d) the evidence to be obtained or the judicial act to be performed." *Evanston Ins. Co.*, 2006 WL 1652315, at *3, *citing* Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Convention), Article 3.  Plaintiffs' proposed letter of request complies with these requirements. *See* Goldman Decl., Ex. 1.

Since a 1963 amendment of Fed. R. Civ. P. 28(b) (which deleted the words "only when necessary or convenient" from the rule), "the discretion trial courts formerly had in deciding whether to issue … letters rogatory has been circumscribed." *Villanueva Compania Naviera, S.A. v. Bethlehem Steel Corp.*, 752 F.2d 874, 890 (3d Cir. 1984).  "The opposing party must show good reason for a court to deny an application for a letter rogatory." *Radware*, 2014 WL 631537, at *2, *quoting Leslie*, 2009 WL 688836, at *3; *accord*, *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D.C. Cir. 1968).  In short, letters of request "shall issue unless good cause is shown otherwise." *Evanston Ins. Co. v. OEA, Inc.*, 2006 WL 1652315, *2 (E.D. Cal. 2006).  A letter of request need only pass "the basic [Fed. R. Civ. P.] 26 relevance test," after which it is up to the executing authority in the foreign nation, not the U.S. court, to determine the extent to which the discovery will be allowed. *Radware*, 2014 WL 631537, at *2; *accord*, *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2014 WL 202102, *2 (W.D. Wash. 2014).

Here, the documents requested in Plaintiffs' proposed Letter of Request are directly relevant to the assistance Rightscom provided to Defendants in seeking, unsuccessfully, to obtain Plaintiffs' permission to use Plaintiffs' copyrighted and

PRINTED ON RECYCLED PAPER
LA 11375451v4

otherwise protected sound recordings and musical compositions.  *See* Goldman Decl., Ex.1.  Where, as here, the party from which discovery is sought is not a U.S. citizen or a party to the lawsuit, and claims to be beyond the jurisdiction of the Court,[1] issuance of a letter of request is appropriate.  *See Tulip Computers*, 254 F. Supp. 2d at 474 (issuing letter of request based on these considerations); *Cascade Yarns*, 2014 WL 202102, at *2 (same).

Plaintiffs also seek Rightscom's deposition via the proposed Letter of Request.[2]  In addition to requesting documents, a letter of request may request a

---

[1] Rightscom declined to accept Plaintiffs' proffered document subpoena. Goldman Decl. ¶ 4.  Rightscom's U.S. counsel represented to Plaintiffs that ***before*** receiving the proposed subpoena, Rightscom had turned over to ***Defendants*** all of the documents it deemed "relevant," but rather than produce the same documents to ***Plaintiffs***, would leave it up to Defendants to decide which of these documents to produce to Plaintiffs.  *Id*.  This procedure is problematic for many reasons.  Plaintiffs have no way to legally enforce the veracity of the representation from Rightscom's counsel (which was not under oath) that all "relevant" documents have been provided to Defendants, nor would it be appropriate (or even possible) for Rightscom to unilaterally decide what is "relevant" to a lawsuit to which it is not a party, especially without any regard to the specific categories in Plaintiffs' subpoena and letter of request.  Moreover, Defendants have indicated they intend to withhold many of these documents from Plaintiffs, either on relevance or privilege grounds.  *Id*.  Only through issuance of the letter of request can Plaintiffs be reasonably assured that the relevant documents will be produced.  And since Rightscom claims it has ***already*** gathered all of the relevant documents, it cannot claim that it would be unduly burdensome to be legally required to do just that.

[2] Rightscom's U.S. counsel represented that Rightscom would ***consider*** appearing for deposition in the U.S. at some point in the future, if a mutually convenient date could be arranged.  Goldman Decl. ¶ 4.  Plaintiffs will certainly explore this option when the time comes to set such a deposition.  However, it is premature to do so now, as Plaintiffs do not have any of the relevant documents and it is entirely unclear when, if ever, they will obtain them from Defendants.  Further, there is no assurance that negotiations between Plaintiffs and Rightscom concerning a mutually convenient date and location for such a deposition will be successful, and even if they reach some agreement, Plaintiffs have no way to legally enforce it if it is breached.  In light of the May 8, 2015 discovery cutoff date in this action and the

- 4 -  Notice of Application and Application for the Issuance of a Letter of Request

deposition of a foreign party. Fed. R. Civ. P. 28(b). "Under the terms of the Hague Convention, 28 U.S.C. § 1781, depositions are conducted by a letter of request where the evidence to be addressed at such deposition is intended for use in a judicial proceeding." *Evanston Ins. Co.*, 2006 WL 1652315, at *3. When seeking a deposition, in addition to the requirements set forth above, a letter of request need only, "[w]here appropriate … also specify among other things, (e) the names and addresses of the person to be examined; and, (f) the questions to be put to the person to be examined *or* a statement of the subject matter about which they are to be examined." *Id.*, *citing* Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Convention), Article 3. Plaintiffs' proposed letter of request satisfies these requirements. Goldman Decl., Ex. 1 (emphasis added).

## III.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs request that the Court order the issuance of the attached letter of request directed to the "Senior Master, for the attention of the Foreign Process Section, or other appropriate judicial authority in the United Kingdom."

---

length of time it may take to obtain the letter of request and have it transmitted to the U.K. and acted upon by the appropriate U.K. authorities (which could take many months, if not more), it is prudent and appropriate to request Rightscom's testimony at this time. If the deposition can eventually be conducted by agreement (and without any unreasonable conditions or qualifications), Plaintiffs can then withdraw their request for a deposition in the U.K. pursuant to the letter of request.

| | | |
|---|---|---|
| 1 | DATED: October 16, 2014 | JEFFREY D. GOLDMAN |
| 2 | | ELIZABETH A. CULLEY |
| | | TALYA GOLDFINGER |
| 3 | | JEFFER MANGELS BUTLER & MITCHELL LLP |
| 4 | | By: /s/ Jeffrey D. Goldman |
| 5 | | JEFFREY D. GOLDMAN |
| | | Attorneys for Plaintiffs |

# DECLARATION OF JEFFREY D. GOLDMAN

I, Jeffrey D. Goldman, declare as follows:

1.     I am an attorney duly licensed to practice in the State of California and am a partner at Jeffer Mangels Butler & Mitchell LLP, counsel of record for Plaintiff. I have personal knowledge of the following facts and if called to testify as a witness, could and would so testify.

2.     A copy of the proposed letter of request is attached hereto as Exhibit 1.

3.     Defendants' lead counsel, Martin D. Katz, has represented to me on several occasions that Rightscom acted as Defendants' agent in seeking to obtain licenses from Plaintiffs to use Plaintiffs' copyrighted and otherwise protected sound recordings and musical compositions.  It is my belief that Rightscom is likely to possess unique and important information about (1) Defendants' failure to obtain licenses to use Plaintiffs' copyrighted and otherwise protected materials, (2) Defendants' knowledge that such licenses were required and their unlicensed activities were and are infringing, and (3) the willfulness and intentional nature of Defendants' conduct.

4.     In an email dated September 22, 2014, I sent a proposed document subpoena to Rightscom's U.S. counsel, Mark Sableman, and asked whether Rightscom would accept service of the subpoena.  Mr. Sableman and I also spoke on the telephone on September 22, 2014.  In an email dated September 25, 2014, Mr. Sableman, on Rightscom's behalf, declined to accept service of the subpoena.  A true and correct copy of my email exchange with Mr. Sableman is attached hereto as Exhibit 2.

PRINTED ON RECYCLED PAPER
LA 11375451v4

5. At a discovery conference in this action that took place on September 15, 2014 and September 18, 2014, Mr. Katz, on behalf of Defendants, represented to me that he expected that Defendants would be likely to withhold many of the documents they received from Rightscom, either on relevance or privilege grounds.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed on October 16, 2014, at Los Angeles, California.

/s/ Jeffrey D. Goldman
Jeffrey D. Goldman