1  JEFFREY D. GOLDMAN (Bar No. 155589)
   RYAN S. MAUCK (Bar No. 223173)
2  TALYA GOLDFINGER (Bar No. 294926)
   JEFFER MANGELS BUTLER & MITCHELL LLP
3  1900 Avenue of the Stars, Seventh Floor
   Los Angeles, California 90067-4308
4  Telephone: (310) 203-8080
   Facsimile: (310) 203-0567
5
   Attorneys for Plaintiffs and Counter-Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UMG RECORDINGS, INC. a Delaware corporation; et al., | CASE NO. 2:14-cv-03466-MMM-JPR |
|---|---|
| Plaintiffs, | *Assigned to Hon. Margaret M. Morrow* |
| v. | **DECLARATION OF JEFFREY D. GOLDMAN IN SUPPORT OF PLAINTIFFS AND COUNTERDEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND COUNTERCLAIMS** |
| GLOBAL EAGLE ENTERTAINMENT INC. a Delaware corporation, et al., | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | Date: November 2, 2015<br>Time: 10:00 a.m.<br>Ctrm: 780 |
| | Complaint filed: May 5, 2014<br>FAC filed: February 23, 2015<br>Discovery cutoff: October 30, 2015<br>Pretrial Conference: February 8, 2016<br>Trial: March 1, 2016 |

**DECLARATION OF TALYA GOLDFINGER**

I, Jeffrey D. Goldman, declare as follows:

1. I am an attorney duly licensed to practice in the State of California and am a partner at Jeffer Mangels Butler & Mitchell LLP, and am lead counsel for Plaintiffs in this action. I have personal knowledge of the following facts and if called to testify as a witness, could and would so testify.

2. Attached as Exhibit A is a true and correct copy of excerpts of the Reporter's Transcript of Proceedings before the Hon. Margaret M. Morrow on June 22, 2015.

3. Prior to filing their Motion for Leave to Amend, Defendants never asked to meet and confer with any of the attorneys in our office over the proposed amendment pursuant to Local Rule 7-3.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 12, 2015, at Los Angeles, California.

                                                  /s/ Jeffrey D. Goldman
                                                       Jeffrey D. Goldman

PRINTED ON RECYCLED PAPER
LA 12320408v1

# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT

 2         CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3          HONORABLE MARGARET M. MORROW, U.S. DISTRICT JUDGE

 4                              - - -

 5
                                              COPY
 6

 7                                        )
     UMG RECORDINGS, INC., ET AL.,         )
 8                                         )
                           PLAINTIFFS,     )
 9                                         )
                 vs.                       )  No. CV14-3466-MMM(JPRx)
10                                         )
     GLOBAL EAGLE ENTERTAINMENT, INC.,     )
11   ET AL.,                               )
                                           )
12                         DEFENDANTS.     )
     _____)
13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                   LOS ANGELES, CALIFORNIA

17                    MONDAY, JUNE 22, 2015

18                         10:13 A.M.

19

20

21

22            _____

23            CINDY L. NIRENBERG, CSR 5059, FCRR
                    U.S. Official Court Reporter
24                    255 East Temple Street
                      Los Angeles, CA 90012
25                    www.msfedreporter.com
```

1   replead, so --

2            THE COURT:  Yes.

3            MR. KATZ:  -- we'll take advantage of that, and, you

4   know, we can go forward on that basis.  That's not much of a

5   problem.

6            The only comment that I really wanted to make, having

7   read the tentative this morning, is that I do not believe that

8   the economic-loss rule applies here.  There is no -- and I have

9   to confess I haven't gone back and read all of these cases

10  since neither party briefed the issue and the motion was not

11  based on that.

12           THE COURT:  That's the only thing we could interpret

13  it as being based on, in part.

14           MR. KATZ:  So --

15           THE COURT:  Maybe I'll ask Mr. Goldman what that

16  argument was really all about.

17           MR. KATZ:  ==Well, let me just say this, which is,==

18  ==there is no claim for promissory fraud pled here.  There's==

19  ==claims for misrepresentation and concealment but not promissory==

20  ==fraud.  And we did that because there is no claim here for==

21  ==breach of oral agreement or breach of written agreement.==

22           THE COURT:  You know, I honestly don't understand

23  that based on your allegations.  You say, effectively, that

24  there was some kind of an oral agreement that was going to be

25  memorialized in writing.

1   MR. KATZ: So one question is --

2   THE COURT: So it wasn't a contract because one of

3   the specific terms was it had to be put down in writing before

4   it became a contract?

5   MR. KATZ: No. There may have been other terms --

6   first of all, for it to be enforceable under copyright law, it

7   probably does have to be in writing.

8   Secondly, there are a number of terms that would

9   likely have gotten fleshed out in the paperwork back and forth.

10   THE COURT: So it wasn't sufficiently specific to be

11   an oral agreement?

12   MR. KATZ: That's debatable, but we chose not to

13   plead breach of oral agreement, which isn't enforceable under

14   the copyright laws anyway.

15   In essence, we have meetings with them, and they tell

16   us, "Sure. We're fine with a 15 percent license fee, and we'll

17   make it retroactive, and we'll send you the contract, and we'll

18   go back and forth on it," and we harp on them for basically

19   years, and they tell us it's not high priority -- according to

20   their own testimony it's not high property, they'll get to it

21   when they get to it, and then, lo and behold, they turn around

22   and sue for statutory damages.

23   That's what this case is about. And they issue cease

24   and desist, and they disrupt our entire business.

25   So, you know, was it an agreement to agree? Was it

1  an agreement to send paperwork documenting -- you don't need to
2  reach any of those questions because we didn't sue for breach
3  of oral agreement.
4         And I think that's why the counterdefendants didn't
5  move based on the noneconomic-loss rule, because this is not an
6  attempt to tortify a contract that has otherwise been pled and
7  was otherwise enforceable.  This is a case where they lure you
8  into a false sense of security.
9         They tell you repeatedly in person and with e-mail
10 exchanges that they are -- "Don't worry about it.  Go ahead.
11 We know you have US operations ongoing.  We'll do the paperwork
12 down the line.  We'll get to it basically when we get to it,"
13 and so the company relies on that.
14        Now, is that an enforceable agreement?  Again, I
15 don't think the Court needs to reach that issue.
16        THE COURT:  Well, I didn't.
17        MR. KATZ:  No, I understand.  Well, I think by
18 applying the economic-loss rule --
19        THE COURT:  Well, so the way I read the motion,
20 Mr. Katz, was that they said you have to dismiss the fraud
21 claims because they're based on the alleged breach of an oral
22 agreement.
23        MR. KATZ:  That -- it was their straw man.  They set
24 that up and --
25        THE COURT:  But that's the economic-loss rule,